# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLGA SOKOLOVA and YURY KOUPATADZE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| UNITED AIRLINES, INC., | ) ) |
| Defendant. | ) |

No. 18-CV-02576

Judge John J. Tharp, Jr.

## MEMORANDUM OPINION AND ORDER

The plaintiffs allege that they suffered damages as a result of delays during flights they booked through United Airlines, Inc. ("United") from Chicago to Tbilisi, in the Republic of Georgia, and back. United has moved pursuant to Federal Rule of Civil Procedure 12(b) to dismiss two counts and strike portions of the plaintiffs' complaint, arguing that the plaintiffs' claim cannot succeed under a breach of contract theory and that the plaintiffs are not entitled to non-economic damages, damages in excess of the limits imposed by the Montreal Convention, or attorney's fees. But this challenge is premature. Rule 12(b)(6) authorizes the dismissal of claims, not alternative legal theories, and United concedes that the plaintiffs have stated a plausible claim. Rule 12(f) similarly fails to provide a basis to strike the plaintiffs' allegations regarding the harm they suffered. United's Partial Motion to Dismiss Plaintiffs' Complaint and to Strike Certain Allegations ("Mot."), ECF No. 11, is therefore denied.

## BACKGROUND[1]

Olga Sokolova and her husband Yuri Koupatadze ("the plaintiffs") bought tickets through United for flights operated by LOT Polish Airline ("LOT") that were scheduled to depart from Chicago on September 19, 2016 and connect in Warsaw before arriving at their ultimate destination, Tbilisi, Georgia. But when the plaintiffs arrived at O'Hare to board their flight, they learned that Mrs. Sokolova's flight from Warsaw to Tbilisi had been booked for September 20, whereas Mr. Koupatadze's flight from Warsaw to Tbilisi had been booked for September 21. Mrs. Sokolova called United, which offered only to change both of their Warsaw-to-Tbilisi flights to September 22. Accordingly, the flights were rebooked for that date and the plaintiffs received confirmation numbers for the new tickets. When the plaintiffs arrived at the Warsaw airport on September 22, however, LOT told them that the confirmation numbers they had been given did not correspond to any tickets. The plaintiffs were told that if they wanted to fly, they would have to purchase new tickets, which they did. The plaintiffs arrived in Tbilisi more than 72 hours after their planned arrival and missed their family reunion in Tbilisi, which was the primary purpose of the trip.

As for their return itinerary, the plaintiffs were scheduled to depart from Tbilisi on October 15, 2016 and connect in Warsaw before returning to Chicago. But when they arrived at the airport in Tbilisi, they were informed that United had cancelled their itineraries, and they were not issued a refund. The plaintiffs were ultimately re-booked on another flight back to Chicago, but as a result of the delay caused by the cancellation, the plaintiffs were forced to stay in Tbilisi for several

---

[1] For purposes of addressing United's motions, the Court must assume the truth of the fact allegations set forth in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (At the motion to dismiss stage, courts must accept "all the allegations in the complaint as true (even if doubtful in fact).").

additional days at their own expense. Upon the plaintiffs' late return to Chicago, they submitted a pre-suit demand to the local office of either United or LOT (the complaint does not specify which) for compensation under Article 19 of the Montreal Convention, which United and LOT allegedly ignored.

The Montreal Convention governs airline liability for "international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"), art. 1(1), May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350, 1999 WL 33292734.[2] Article 19 of the Montreal Convention provides:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for them to take such measures.

The plaintiffs brought a four-count complaint against defendants United and LOT based on the delays caused by the misbookings and cancelations described above. Count one asserts entitlement to relief under the Montreal and Warsaw conventions. Counts two and four assert entitlement to relief under breach of contract theories: Count two focuses on United's handling of the Chicago-to-Tbilisi trip, and count four focuses on United's handling of the Tbilisi-to-Chicago trip. Count three is asserted against LOT, but the plaintiffs voluntarily dismissed their claims against LOT. *See* Notice of Dismissal of All Claims Against Only LOT Polish Airlines, ECF No. 43. The plaintiffs are seeking over $15,000 in damages. Compl. ¶¶ 2, 4, ECF No. 1. The plaintiffs

---

[2] The Montreal Convention "unifies and replaces the system of liability that derives from the Warsaw Convention." *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines, Co.*, 522 F.3d 776, 780–81 (7th Cir. 2008) (citation omitted).

allege that they suffered economic harm, physical ailment, and inconvenience as a result of the delays. *See, e.g., id.* ¶ 74 (alleging that the plaintiffs "suffered spoliation of their memorable vacation at Tbilisi; as well as physical discomfort and physical inconvenience accompanied by physical anxiety, loss of time, loss of wages, loss of use of their monies, physical exhaustion and was otherwise were [sic] subjected to various actual, general, special, incidental and consequential damages in the amount to be ascertained and proven at trial"). The complaint also asserts that the plaintiffs are entitled to reasonable attorney's fees due to the defendants' failure to answer the plaintiffs' pre-suit settlement claims.

United argues that counts two and four should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because United did not breach any term of the applicable contract of carriage as a matter of law and because those counts are duplicative of count one. United also argues that certain allegations in the plaintiffs' complaint requesting relief that is unavailable under the Montreal Convention should be stricken pursuant to Rule 12(f).

## DISCUSSION

### I. The Plaintiffs' Claim Survives

United's motion to dismiss counts two and four of the plaintiffs' complaint is denied because the Court is not authorized to dismiss the plaintiffs' legal theories at this juncture. A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim only "when the facts in the plaintiff's complaint, taken as true, do not state a plausible claim under ***any*** recognized legal theory." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 996 (N.D. Ill. 2013) (emphasis in original; internal quotation marks omitted). Federal Rule of Civil Procedure 8 requires that complaints plead "***claims***, which is to say grievances." *Rapid Test Products, Inc. v. Durham School Services, Inc.*, 460 F.3d 859, 861 (7th Cir. 2006) (emphasis in original); *see also Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) ("A claim is

4

the aggregate of operative facts which give rise to a right enforceable in the courts." (internal quotation marks omitted)). "Identifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of 'claim for relief' in the federal rules." *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). "Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim; it does not speak of the dismissal of legal theories." *Hobbs v. Gerber Prods. Co.*, No. 17-cv-3534, 2018 WL 3861571, at *4 (N.D. Ill. Aug. 14, 2018).[3]

Although plaintiffs may draft complaints with counts corresponding to the various theories under which they assert entitlement to relief based on the same underlying conduct, pleading "[o]ne claim supported by multiple theories does not somehow [create] multiple claims." *Sojka*, 686 F.3d at 399. The Seventh Circuit has "stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Attacking counts and legal theories as if they are claims can obscure the differences between them; the legal theories associated with the counts of a complaint "are little more than non-dispositive labels subject to change as allegations yield to evidence over the course of discovery." *Volling*, 999 F. Supp. 2d at 997; *see also Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1004 (N.D. Ill. 2017) ("The precise legal theory, or theories, on which . . . a claim may be premised, will be determined not at [the motion to dismiss] stage, but during discovery, in advance of summary judgment and/or at trial.").

---

[3] As the Seventh Circuit has explained, motions to dismiss are in this respect (as in many others) different from summary judgment motions under Rule 56. "Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for 'partial summary judgment' and require parties to 'identify each claim or defense—***or the part of each claim or defense***—on which summary judgment is sought.'" *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original and brackets omitted; quoting Fed. R. Civ. P. 56(a)).

5

The complaint asserts that the plaintiffs are entitled to relief from United because its handling of their bookings and the attendant delays the plaintiffs experienced during their round-trip travel between Chicago and Tbilisi caused them legal injury. That is one claim (two, really; one for each plaintiff). Or perhaps it could be considered as a claim based on the outbound trip and one based on the inbound. What it is not is a "claim under the Montreal Convention," or a "claim for breach of contract"; those are merely legal theories. The complaint would be no less viable had the plaintiffs identified no legal theory at all, omitting from it any reference to the Montreal Convention or breach of contract.

Here, there is no dispute that there is at least one legal theory that could entitle the plaintiffs to legal relief. United has not moved to dismiss count one of the plaintiffs' complaint and concedes that Article 19 of the Montreal Convention provides the plaintiffs with a viable cause of action. *See* Def. United's Reply in Supp. of its Partial Mot. to Dismiss and to Strike Certain Allegations ("Reply") 3, ECF No. 51 ("Plaintiff's only cognizable theory for recovery arises from Art. 19 of the Montreal Convention . . . ."); *see also* Mot. 1 (The plaintiffs "hav[e] a claim for damages occasioned by delay in accordance with the Montreal Convention . . . ."). Having conceded this, United also concedes that the plaintiffs' claim(s) survive. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (a claim survives if it is supported by at least one recognized legal theory).

Nevertheless, United argues that the Court should rule now as a matter of law, at the motion to dismiss phase of proceedings, that the plaintiffs have not "stated a claim" under a breach of contract theory. But the Court is not authorized to do so. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief."); *see also Zidek v. Analgesic Healthcare,*

*Inc.*, No. 13 C 7742, 2014 WL 2566527, at *2 (N.D. Ill. June 6, 2014) ("[I]f the Court were to grant partial relief on this Motion, it would not be 'dismissing claims' but rather limiting the legal theories available to Plaintiffs to prove their entitlement to damages for these acts. The federal rules allow for dismissal for 'failure to state a claim' but do not provide a basis for striking individual legal theories.").

United's argument that counts two and four (the breach of contract counts) are duplicative of count one (the Montreal Convention count) effectively concedes that these counts are all premised on the same collection of facts, *i.e.*, a single claim. *See* Mot. 15 (arguing that counts two and four are duplicative of count one because they "are based on the same underlying facts and harm as alleged in Count One"). "One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). It may well be that the plaintiffs have failed to state a claim under a breach of contract theory. But the Court is tasked now only with determining whether the plaintiffs have stated a claim under *any* legal theory. And taking the facts in the plaintiffs' complaint as true, the plaintiffs' complaint states a plausible claim under Article 19 for the damages occasioned by the delays of the plaintiffs' Chicago-to-Tbilisi round-trip flights. The counts in the plaintiffs' complaint do not set forth separate claims, but rather separate legal theories pursuant to which the plaintiffs assert that they are entitled to relief based on the same underlying facts. Accordingly, there is no remaining claim for the Court to consider dismissing.

United argues in its reply brief that the distinction between a legal claim and legal theory is "not relevant in this case because the Montreal Convention supplies the Plaintiffs' only remedy." Reply 3; *see also* Reply 1 (requesting Court to confirm that Montreal Convention supplies plaintiffs' "exclusive remedy"). But that puts the cart before the horse; at this juncture a plaintiff

is not required to distinguish between legal theories that entitle him to relief on his claim and those that do not.[4] If United is right, then the plaintiffs' breach of contract theories will not survive summary judgment. But, again, given that the plaintiffs' claim is viable under some theory, Rule 12(b)(6) has no further application because it "doesn't permit piecemeal dismissals of parts of claims." *BBL, Inc.,* 809 F.3d at 325; *see also Hobbs*, 2018 WL 3861571, at *4 ("The distinction between [the plaintiff's] claim and her theories is not semantic; it bears directly on the Court's task in evaluating [the plaintiff's] motion to dismiss.").

It is true enough, as United argues, that the viability of a particular theory could, in some cases, bear on the scope of discovery and may therefore be appropriately considered in that context. United asserts that "if the Plaintiffs' (unfounded) breach of contract claims and their prayer for unrecoverable damages are permitted to proceed, discovery would be necessary with respect to liability and damages, whereas if those Counts were stricken, liability discovery would be significantly curtailed, if not eliminated, leaving only damages discovery as to the Plaintiffs' provable economic damages." Reply 9; *see also* Reply 2 (asserting that granting its motion would "streamline the issues and move this case forward"). But that is an argument for relief from discovery pursuant to Rule 37, not for dismissing counts of a complaint under Rule 12(b)(6). It is far from clear that the elimination of the plaintiffs' breach of contract theory would streamline discovery in this case meaningfully, but nothing in this opinion precludes United from lodging appropriate objections to discovery requests or seeking a protective order. That is a different undertaking, however, subject to different standards, and it must be assessed in the context of the

---

[4] Granted, where a defendant has made a cogent argument that no legal theory would plausibly give rise to a right to relief on a particular claim, it may be incumbent upon a plaintiff to identify at least one such legal theory. The point here, however, is that if some legal theory supports a claim, it is unnecessary to assess whether it is the only legal theory that would give rise to relief on the claim.

discovery conducted in the case as a whole. The concerns that undergird discovery rules do not authorize courts to expand the authority granted under Rule 12(b), which is limited to dismissing "claims," not "counts."

## II. Motion to Strike Certain Allegations

United's premature parsing of the plaintiffs' available legal theories also infects its request that the Court strike certain allegations in the plaintiffs' complaint. United argues that the plaintiffs' requests for non-economic damages in count one should be stricken because Article 19 of the Montreal Convention does not authorize compensation for emotional or physical injuries, Mot. 12; that paragraph 5 of the plaintiffs' complaint should be stricken because it requests relief in excess of the liability limits imposed by Article 22 of the Montreal Convention under circumstances where the defendant did not act recklessly, Mot. 13; and that the plaintiffs' request for attorney's fees should be stricken because there does not appear to be any legal authority that would authorize an award of attorney's fees in this case, Mot. 13. But "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010). Rule 12(f) authorizes a court only to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." None of the allegations United attacks meets these criteria.

As discussed *supra* at 4–9, the Court may not limit the plaintiffs' theories of relief to only the Montreal Convention at this juncture. Having survived the motion to dismiss, the plaintiffs are entitled to discovery. *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("A motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed."). Theories of relief may be evaluated during the discovery phase, including theories of relief under which the plaintiffs may (or may not) be entitled to the damages

that are the object of United's motion to strike. *See Alioto*, 651 F.3d at 721 (The Seventh Circuit has "stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery."). Substantive issues relating to the viability of certain forms of relief are simply not ripe for the Court to resolve at this phase of the proceedings, whether evaluated under a Rule 12(b)(6) motion to dismiss or a Rule 12(f) motion to strike.[5]

* * *

For the reasons stated above, United's partial motion to dismiss the complaint and strike certain allegations, ECF No. 11, is denied.

Dated: April 11, 2019

John J. Tharp, Jr.
United States District Judge

---

[5] The plaintiffs' counsel, Vladimir Gorokhovsky, states in the plaintiffs' response brief that he cannot in good faith assert that the plaintiffs are entitled to attorney's fees in this case, but that his clients are insisting that he seek them. Pls.' Mem. of Law and Facts in Opp'n to Partial Mot. to Dismiss and Mot. to Strike of Def. United 22–24, ECF No. 46. If Mr. Gorokhovsky believes that the claim for attorney's fees is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), then the proper course is to so advise his clients and to seek to withdraw from the representation if the clients insist on their chosen path. A claim that "my clients made me do it" will not absolve an attorney from his obligations under Rule 11.