# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLGA SOKOLOVA, et al., | ) |
| Plaintiffs, | ) No. 18 C 2576 |
| v. | ) Magistrate Judge Jeffrey Cole |
| UNITED AIRLINES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The plaintiffs have filed what they call a "Combined Motion for Leave of Order [sic] to Extend Plaintiffs Discovery and Compel Deposition of Defendant's 'Employee With Knowledge' and for Discovery Sanctions Pursuant to Rule 37 of Federal Rules of Civil Procedure." [Dkt. #116].

We are told with increasing frequency that "[p]re-trial discovery under modern federal practice has become a monster on the loose and that "[p]re-trial proceedings have become more costly and important than trials themselves,' " *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986). Indeed, we have it on the highest authority that "protracted pretrial discovery is the bane of modern federal litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000). Accord, *Menard v. CSX Transp., Inc.*, 2014 WL 359956, at *1 (D. Mass. 2014); *Reitz v. Creighton*, 2019 WL 5798680, at *1 (N.D. Ill. 2019). This case is illustrative of the reasons for the concern continually expressed by courts around the country.

The plaintiffs' motion for sanctions is denied; the motion for an extension is granted.

### A.

This case has been one discovery controversy after another, with neither side covering themselves in glory, although the conduct of the plaintiff's lawyer certainly stands out.[1] The spat at issue in the present motion began on September 13th with plaintiffs' counsel noticing a 30(B)(6) deposition for 1:30 p.m. on October 11th. [Dkt. #116, Page 9]. At that time, discovery was set to close on September 30th [Dkt. ## 73, 103], so the notice was too late and non-compliant with Local Rule Standing Order 16.1(4). But, the parties managed to get together and request an extension of the discovery deadline – even attorneys who are at each others' throats can agree on extra time to do their work – and, on October 4th, the fact discovery deadline was extended to October 31st. [Dkt. #109]. According to plaintiffs' counsel, defense counsel never confirmed the deposition scheduled for October 11th. Another deposition – that of plaintiff Yury Koupatadze – had been rescheduled for that slot, and so defense counsel indicated he would provide alternate dates in an email dated October 10th. [Dkt. # 116, Page 11]. In response, plaintiff's counsel wrote an angry, rambling email, demanding dates by 3:30 p.m. on October 11th. [Dkt. #116, Page 12]. Defense counsel took issue with some of the personal attacks in that email and indicated his 30(b)(6) witness was out of the office for a week, and he could discuss dates with her when she returned. [Dkt. # 116, Page 13]. Plaintiff's counsel responded by requesting a Local Rule 37.2 conference if defense counsel could not confirm dates. [Dkt. #116, Page 14]. Defense counsel responded four days later on October 15th saying that the 30(b)(6) witness would be available on October 30th. [Dkt. #116, Page 14]. On October 23rd, plaintiff's counsel wrote that he had a court appearance in Milwaukee on that day, as well as a doctor's appointment. He suggested November 16, 17, or 18 as alternate dates. [Dkt. #116, Page 14]. On October 25th, defense counsel wrote that the parties should address the

---

[1] *See, e.g.* Dkt. 121 regarding the misconduct of the plaintiff lawyer.

scheduling issue at the November 5th status hearing before Judge Pacold. [Dkt. #116, Page 16]. Plaintiffs' counsel wrote back on October 25th and said "absolutely no" and requested an immediate telephone conference. [Dkt. #116, Page 16].[2]

In the early morning hours of October 28th, plaintiffs' counsel filed a motion to postpone the status hearing before Judge Pacold. [Dkt. #110]. That afternoon, the parties had their telephone conference. According to plaintiff's counsel, defense counsel was "yelling on posing counsel" during that conference and nothing was accomplished. [Dkt. #116, Page 4]. Now, plaintiffs' counsel wants an extension of the discovery deadline to take the 30(b)(6) deposition and sanctions.

Plaintiffs' counsel has been at least as much at fault in the problems with this case as defense counsel, if not a good deal more. Plaintiffs' original notice didn't even comply with the discovery schedule then in place. Moreover, plaintiffs' counsel has a steady history of missing, postponing, and cutting things short, due to the constantly reiterated theme that his home and office are in Milwaukee. *See, e.g.,* [Dkt. # 93, 95 (counsel complains that it is burdensome to drive from Milwaukee for 8:30 am hearing); Dkt. #98 (medicated and unable to travel from Milwaukee for rescheduled hearing); Dkt. #112 (counsel unable to drive from Milwaukee for hearing due to child care issues); Dkt. #121 (counsel and plaintiffs fail to appear); Dkt. # 123-1, at 1 (counsel arrives half

---

[2] This exchange is illustrative of the astonishing amount of time that is wasted by counsel in case after case on matters that should be simple easily resolved. It is precisely this sort of inability or unwillingness to agree on routine matters that in part accounts for the all too prevalent impression that law is not practiced with strict rectitude. But justice is not a game, and zealous advocacy does not entitle a lawyer to "'hoodwink a judge [or his opponent] who is not overwise.'" *United States v. Paglia*, 190 F.2d 445, 448 (2nd Cir. 1951)(L. Hand, J.). *See Masias v. Sec'y of Health & Human Servs*., 2009 WL 1838979, at *27 (Fed. Cl. 2009); *Perry v. Jones* 2007 WL 1455863, 1 -2 (N.D.Ill.,2007). *See also Dickerman v. Burgess*, 20 Ill. 266 (1858). *See* Stuart M. Speiser, *Sarbanes-Oxley and the Myth of the Lawyer Statesman,* 32 LITIGATION 5 (Fall 2005).

hour late); #123-1, at 71-73 (counsel leaving early to return to Milwaukee); #123-1, at 105-06 (counsel unavailable to resume deposition due to appointment in Milwaukee); #130 (counsel unable to make morning hearing and return to Milwaukee for afternoon doctor's appointment)]. Anyone who has received the degree of accommodation that plaintiffs' counsel has should not have so short a fuse with sanctions motions.

But, most importantly, the plaintiffs' motion is not supported with a single case citation. *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Counsel should be on notice that what has gone on before will no longer be tolerated.

The motion for an extension of the discovery deadline for the limited purpose of taking the 30(b)(6) deposition is granted. According to the docket it was already ruled on but if the deposition has not been completed, the parties are ordered to select a date for the deposition if it has not already occurred. And if it has not already occurred, the parties will have 14 days to take the deposition.

I note in reviewing the docket that discovery has been sent here by Judge Tharp before the case was taken over by Judge Pacold. [Dkt. #61]. Nonetheless, plaintiffs filed a motion before Judge Pacold on 10/29/19 for extension of time to complete plaintiffs' discovery and to compel notice of deposition and for further discovery sanction. Why that motion was not filed before me is unclear in light of the history and subject matter of the referrals. If it was an attempt to avoid this court's jurisdiction on a matter necessarily having to do with discovery (i.e. when discovery will end) and thus encompassed not only by Judge Tharp's referral of 4/24/19, [Dkt. #61] but Judge Pacold's referral of 11/15/19 [Dkt. #132] it will not be permitted. It was improper and will not be permitted

in the future. Similarly, the plaintiffs' motion before Judge Pacold [Dkt. #134] regarding the time to respond to defendant's Motion for Sanctions also appears to be an attempt to avoid this court's jurisdiction over the matter necessarily involved in discovery.

**B.**

The plaintiffs' Motion for Sanctions is denied, and the Motion for a continuance is granted, consistent with this Opinion. Counsel should be under no misapprehensions, however. The conduct that unfortunately has been all too prevalent in this case will no longer be tolerated. *See generally Brotherhood of Engineers and Trainmen v. Union Pacific Railroad Co.*, _F.3d_ (7th Cir. 2018); *Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries...."); *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994).

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 1/17/20